## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff(s),<br><br>-vs-<br><br>JAYDAN SERVICES, LLC, DANIEL GREGORY, RODERICK BERRY, SHENNAE BERRY, VINELAND CONSTRUCTION CO., B&S PARTNERS, INC., AND CUMMINS POWER SYSTEMS, INC.<br><br>Defendant(s). | Civil Action No.<br><br><br>**COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Atain Specialty Insurance Company (hereinafter "Atain"), by way of Complaint against the defendants, says:

### **PARTIES**

1.   At all times hereinafter mentioned, Atain is now and was at the commencement of this action incorporated in the State of Michigan with its principal place of business located at 220 Kaufman Financial Center, 30833 Northwestern Highway, City of Farmington Hills, State of Michigan, and is a citizen of the State of Michigan.

2.   At all times hereinafter mentioned, defendant, Jaydan Services LLC., is a New Jersey Limited Liability Company with its principal place of business located at 52 Harding Ave., Town of Clark, State of New Jersey, and is a citizen of New Jersey.

{01492231}

3. At all times hereinafter mentioned, defendant, Daniel Gregory, is a resident of the State of New Jersey who resides at 52 Harding Ave., Town of Clark, State of New Jersey, and is a citizen of New Jersey.

4. At all times hereinafter mentioned, defendant, Daniel Gregory is the sole member of the defendant Jaydan Services LLC.

5. At all times hereinafter mentioned, defendant, Roderick Berry, is a resident of the state of New Jersey who resides at 27 Cynwyd, Dr., Town of Burlington, State of New Jersey, and is a citizen of New Jersey.

6. At all times hereinafter mentioned, defendant, Shennae Berry, is a resident of the state of New Jersey who resides at 27 Cynwyd, Dr., Town of Burlington, State of New Jersey, and is a citizen of New Jersey.

7. At all times hereinafter mentioned, defendant, Vineland Construction Co., is a New Jersey Corporation with its principal place of business located at 41-85 Doremus Ave., City of Newark, State of New Jersey, and is a citizen of New Jersey.

8. At all times hereinafter mentioned, defendant, B&S Partners, Inc., is a New Jersey Corporation with its principal place of business located at 41-85 Doremus Ave., City of Newark, State of New Jersey, and is a citizen of New Jersey.

9. At all times hereinafter mentioned, defendant, Cummins Power Systems Inc., is a New Jersey Corporation with its principal place of business located at 41-85 Doremus Ave., City of Newark, State of New Jersey, and is a citizen of New Jersey.

## JURISDICTION

10. The United States District Court has original jurisdiction over the subject matter of said civil action under 28 U.S.C. § 1332(a) in that this is an action where the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs and there is complete diversity of citizenship between the plaintiff and the defendants.

11. This is an action brought pursuant to the Declaratory Judgment Act 28 U.S.C. § 2201 et seq., and there is an actual case and controversy between the parties requiring adjudication by the Court.

12. Venue is proper within this jurisdiction pursuant to 28 U.S.C. §1391(a) because, upon information and belief, one on more of each of the defendants reside or is incorporated and has its principal place of business in this judicial district.

## THE UNDERLYING INJURY CLAIM

13. On April 20, 2018, defendant Roderick Berry filed a personal injury lawsuit in the New Jersey Superior Court, Bergen County captioned: <u>Roderick Berry and Shennae Berry v. Vineland Construction Co., B&S Partners, Jaydan Services, LLC., ABC Entities 1-5, DEF entities 1-5, John Does 1-5, GHI entities 1-5 and Joe Does 1-5.</u> Docket No. BUR-L-92-17. (the "Litigation Matter").

14. In the Litigation Matter, Berry alleges that on or about February 3, 2015, he was traversing the premises of 41-85 Doremus Ave., City of Newark, State of New Jersey when he was caused to slip and fall on ice, and was injured.

15. Upon information and belief, the premises where the slip and fall occurred was owned by the defendants Vineland Construction Co., and/or B&S Partners.

16. Upon information and belief the premises where the slip and fall occurred was leased to Berry's employer, the defendant Cummins Power Systems Inc.

17. Berry alleges that snow and ice removal services for the premises were handled by defendant Jaydan Services, LLC.

## **THE INSURANCE POLICIES**

18. Atain issued to Jaydan Services, LLC, as named insured two consecutive Commercial General Liability policies of insurance, the first bearing policy number CIP151910 was issued for the period of June 13, 2013 through June 13, 2014. That policy was renewed under policy number CIP187986 for the period of June 13, 2014 through June 13, 2015.

19. The policies were issued or maintained in reliance upon a policy application dated May 18, 2014 and signed, June 13, 2014. The following question and answer appear in that application:

>  13. Any Demolition Exposure Contemplated?
> 
>  Answer: **No.**
>  [Emphasis Added]

20. The following question and answer appear in that application:

Nature of Business/Description of Operations By Premise(s):

Answer: ...small residential clean up jobs, clean outs of basement/attic etc. Owns International Roll Off single axle. No garbage trucks. Has 4 years-experience...

21. The application was completed and signed by defendant Gregory on behalf of defendant Jaydan Services LLC.

22. On June 24, 2014, an underwriting survey was conducted by the Plaintiff wherein Gregory as the owner of Jaydan Services, LLC was interviewed. In that survey, Gregory stated that the business was a "service provider" and that the business:

> engages in junk and debris removal from single family residences. ... paid by clients to remove unwanted furniture and other debris when they are moving or cleaning out basements and attics, and take the unwanted items to a landfill. ...

## TENDER OF THE LITIGATION MATTER AND ISSUANCE OF NOTICE OF RESCISSION AND DENIAL AND DISCLAIMER OF COVERAGE

23. It has been alleged that a Court has permitted substituted service of the Complaint in the Litigation Matter upon defendant Jaydan Services, LLC, through service upon Atain.

24. In response to receipt of the Complaint in the Litigation Matter, Atain conducted a preliminary investigation of the claim and operations of Jaydan Services LLC.

25. Atain's investigation revealed facts indicating that at all relevant times, Jaydan Services LLC was operating as a snow & ice removal contractor for commercial properties, an operation not disclosed in the policy application.

26. Atain's investigation further revealed facts indicating that at all relevant times, Jaydan Services LLC was operating as a demolition contractor performing demolition services on residential and commercial projects, a risk classification specifically denied on the policy application.

27. The information discovered by Atain was reviewed by Atain's underwriters, who determined that the Jaydan Services LLC, policies were procured through material misrepresentation of the hazards undertaken by Jaydan Services LLC.

28. Atain issued a Notice of Rescission and Denial and Disclaimer of Coverage and Rescission of Insurance Policies dated June 22, 2018 declaring there was no insurance coverage for the Litigation Matter and that Atain considered the policies void *ab initio* and were rescinded based upon material misrepresentations and omissions in the application for insurance coverage.

## FIRST CAUSE OF ACTION

### (Material Misrepresentation and Rescission)

29. The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

30. In applying for the policies, Jaydan services LLC, and Daniel Gregory represented that there was "No" exposure to "demolition" risk.

31. At the time the application was completed, and consistently thereafter, a significant portion of Jaydan Services LLC, business operations involved residential and commercial demolition services.

32. Jaydan Services LLC, and Daniel Gregory knowingly denied any exposure to "demolition," risk in disclosing material risks in in the policy application.

33. In applying for the policies, Jaydan Services LLC, and Daniel Gregory failed to disclose that Jaydan Services LLC, was offering services to the public as a snow & ice removal contractor.

34. At the time the application was completed, and consistently thereafter, a significant portion of Jaydan Services LLC's, business operations involved snow and ice removal services for commercial clients.

35. Jaydan Services LLC, and Daniel Gregory knowingly omitted any reference to the offering and provision of snow & ice removal services in disclosing material risks in in the policy application.

36. Jaydan Services LLC and Daniel Gregory's representation that it had no exposure to demolition risk constitutes a knowing misrepresentation in the application for the insurance policy and legal fraud.

37. Jaydan Services LLC's and Daniel Gregory's failure to disclose the snow and ice contractor services in the application constitutes a knowing misrepresentation by omission in the application for the insurance policy and legal fraud.

38. Plaintiff, Atain relied upon the application as submitted by Jaydan Services LLC, and Daniel Gregory in issuing insurance policies to Jaydan Services LLC.

39. Jaydan Services LLC and Daniel Gregory's misrepresentations were material to the risk insured against in that had Plaintiff Atain known the truth regarding the real risk exposure, Atain would not have underwritten the insurance coverage in the form provided and/or for the premium charged.

40. As a result of these material misrepresentations made by Jaydan Services LLC, and Daniel Gregory, Atain has been injured.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a. Atain is not obligated to defend or indemnify Jaydan Services LLC and/or Daniel Gregory, or to pay any judgment, settlement, verdict or other award in connection with the Litigation Matter; and

b. Both Atain policies numbers CIP151910 and CIP187986, issued to Jaydan Services LLC, are void *ab initio* and rescinded, with the policy premiums to be refunded to Jaydan Services LLC, within 30 days of the Order voiding and rescinding the policy.

c. Atain be awarded compensatory damages;

d. Atain be awarded attorney's fees and costs of suit

e. Atain be granted such other, different and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

### (Material Misrepresentation and Fraud)

41. The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

42. In the June 24, 2014, underwriting survey conducted by the Plaintiff, Jaydan Services LLC, was required to describe its business operations and in doing so Jaydan Services and Daniel Gregory knowingly omitted any exposure to "demolition," risk.

43. In the June 24, 2014, underwriting survey conducted by the Plaintiff, Jaydan Services LLC, and Daniel Gregory knowingly omitted any exposure to snow and Ice removal services when asked to describe the scope of the company's business operations.

44. At the time the underwriting survey was completed, and consistently thereafter, a significant portion of Jaydan Services LLC, business operations involved snow & ice removal services for commercial clients.

45. At the time the underwriting survey was completed, and consistently thereafter, a significant portion of Jaydan Services LLC, business operations involved demolition services for residential and commercial clients.

46.   Jaydan Services LLC and Daniel Gregory's failure to disclose the risk exposure to demolition activities constitutes a knowing misrepresentation by omission in the underwriting survey and legal fraud.

47.   Jaydan Services LLC and Daniel Gregory's failure to disclose the snow and ice contractor services in the underwriting survey constitutes a knowing misrepresentation by omission in the underwriting survey and legal fraud.

48.   Plaintiff, Atain relied upon the responses made by Jaydan Services LLC, and Daniel Gregory in the underwriting survey in maintaining the insurance policies to Jaydan Services LLC, at the premiums charged.

49.   Jaydan Services LLC, and Daniel Gregory's misrepresentations were material to the risk insured against in that had Plaintiff Atain known the truth regarding real risk exposure, Atain would have cancelled the insurance coverage for underwriting reasons following the survey, or would have amended the policy form provided and/or the premium charged for the coverage provided.

50.   As a result of these material misrepresentations made by Jaydan Services LLC, and Daniel Gregory, Atain has been injured.

**WHEREFORE,** Atain seeks a judgment ordering, declaring and adjudicating that:

a.   Atain is not obligated to defend or indemnify Jaydan Services LLC, and/or Daniel Gregory or to pay any judgment, settlement, verdict or other award in connection with the Litigation Matter; and

    b.    Both Atain Policies numbers CIP151910 and CIP187986, issued to Jaydan Services LLC, are void *ab initio* and rescinded, with the policy premiums to be refunded to Jaydan Services LLC, within 30 days of the Order voiding and rescinding the policy.

    c.    Atain be awarded Compensatory damages;

    d.    Atain be awarded attorney's fees and costs of suit

    e.    Atain be granted such other, different and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION

### (New Jersey Insurance Fraud Prevention Act, N.J.S.A. §17:33A-1 et. seq.)

51. The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

52. Jaydan Services, LLC, and Daniel Gregory made material misrepresentations in the application for insurance with the intention that Plaintiff Atain Specialty Insurance Company rely on the material misrepresentation in issuing an insurance policy.

53. Plaintiff did rely to its detriment upon the material misrepresentations of Jaydan Services LLC, and Daniel Gregory in that Atain issued policies numbers CIP151910 and CIP187986 to Jaydan Services LLC.

54. Policies numbers CIP151910 and CIP187986 were obtained fraudulently, and are void *ab initio*.

55. Plaintiff has expended significant funds and substantial time to issue the policy, investigate and discover the material misrepresentations and rescind the policy as well as prosecuting this Complaint for Declaratory Judgment all of which expenses arose out of Jaydan Services LLC and Daniel Gregory's material misrepresentations.

56. Jaydan Services LLC, and Daniel Gregory's material misrepresentations on the application for insurance coverage amount to a violation of the New Jersey Insurance Fraud Prevention Act, N.J.S.A. §17:33A-1 *et. seq.*

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a. Atain is not obligated to defend or indemnify Jaydan Services LLC, and/or Daniel Gregory in connection with the Litigation Matter, or to pay any judgment, settlement, verdict or other award in the Litigation Matter; and

b. The Atain policies numbers CIP151910 and CIP187986 issued to Jaydan Services, LLC, are void *ab initio*, with the policy premium to be refunded to Jaydan Services LLC within 30 days of the Order voiding the policy.

c. Atain be awarded Compensatory damages;

d. Atain be awarded Punitive damages;

e. Atain be awarded statutory treble damages;

f. Atain be awarded attorney's fees and costs of suit

g. Atain be granted such other, different and further relief as the Court may deem just and proper.

## **FOURTH CAUSE OF ACTION**

## **(New Jersey Insurance Fraud Prevention Act, N.J.S.A. §17:33A-1 et. seq.)**

57. The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

58. Jaydan Services, LLC, and Daniel Gregory made material misrepresentations in the underwriting survey with the intention that Plaintiff Atain Specialty Insurance Company rely on the material misrepresentation in issuing and maintain the insurance policies.

59. Plaintiff did rely to its detriment upon the material misrepresentations of Jaydan Services LLC, and Daniel Gregory in that Atain issued Policies numbers CIP151910 and CIP187986 to Jaydan Services LLC, and took no action to cancel, or modify those policies based upon the true nature of Jaydan Services LLC's operations, which were unknown to Atain.

60. Policies numbers CIP151910 and CIP187986 are void *ab initio*.

61. Plaintiff has expended significant funds and substantial time to issue the policy, investigate and discover the material misrepresentations and rescind the policy as well as prosecuting this Complaint for Declaratory Judgment all of which expenses arose out of Jaydan Services LLC and Daniel Gregory's material misrepresentations.

62. Jaydan Services LLC, and Daniel Gregory's material misrepresentations in the underwriting survey amount to a violation of the New Jersey Insurance Fraud Prevention Act, N.J.S.A. §17:33A-1 *et. seq.*

63. Jaydan Services LLC, and Daniel Gregory's material misrepresentations in the underwriting survey amount to repeated violations of the New Jersey Insurance Fraud Prevention Act, N.J.S.A. §17:33A-1 *et. seq.*, entitling the plaintiff to enhanced remedies under the Act, including treble damages.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a. Atain is not obligated to defend or indemnify Jaydan Services LLC, and/or Daniel Gregory in connection with the Litigation Matter, or to pay any judgment, settlement, verdict or other award in the Litigation Matter; and

b. The Atain policies numbers CIP151910 and CIP187986 issued to Jaydan Services, LLC, are void *ab initio*, with the policy premium to be refunded to Jaydan Services LLC within 30 days of the Order voiding the policy.

c. Atain be awarded Compensatory damages;

d. Atain be awarded Punitive damages;

e. Atain be awarded statutory treble damages;

f. Atain be awarded attorney's fees and costs of suit

g. Atain be granted such other, different and further relief as the Court may deem just and proper.

## **FIFTH CAUSE OF ACTION**

### **(Interested Party)**

64. The Plaintiff repeats and realleges each of the allegations set forth in the prior paragraphs as if set forth at length herein.

65. The Defendants Roderick Berry, Shennae Berry, Vineland Construction Co., B&S Partners., Inc., and Cummins Power Systems Inc., are joined herein as Defendants in order that they be bound by the Judgment of this Court as each has an interest in the presence or absence of insurance coverage for the Defendants Jaydan Services LLC and Daniel Gregory in connection with the Litigation Matter.

**WHEREFORE**, Atain seeks a judgment ordering, declaring and adjudicating that:

a. Atain is not obligated to defend or indemnify Jaydan Services LLC and/or Daniel Gregory in connection with the Litigation Matter, or to pay any judgment, settlement, verdict or other award in the Litigation Matter; and

b. Such other, different and further relief as the Court may deem just and proper.

### **JURY DEMAND**

The Plaintiff herein demands a trial by jury.

Dated: June 27, 2018                     **MORGAN MELHUISH ABRUTYN**

                                                   BY:     */s/ Joseph DeDonato*
                                                          JOSEPH DeDONATO, ESQ. (JDD 7319)
                                                          651 Old Mt. Pleasant Avenue
                                                          Livingston, New Jersey 07039
                                                          (973) 994-2500
                                                          jdedonato@morganlawfirm.com
                                                          Attorneys for Plaintiff,
                                                          Atain Specialty Insurance Company
                                                          File No. ATN 36-665 JDD